UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELYA AZARI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16-cv-3929 |
| v. | ) |
| | ) Judge John W. Darrah |
| SETERUS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Helya Azari filed a Complaint, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), a Bankruptcy Discharge Injunction, and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"). Defendant subsequently filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). For the reasons discussed below, Defendant's Motion to Dismiss [17] is granted in part and denied in part.

## BACKGROUND

On March 11, 2013, Plaintiff executed a first mortgage in favor of Ocwen Loan Servicing ("Ocwen") and secured the loan with the subject property. (Compl., ¶ 7.) On September 30, 2014, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois. (*Id.* ¶ 8.) Plaintiff subsequently filed a Modified Plan, which provided:

> Debtor is surrendering the real property located at 804 Mansfield Court, Schaumburg, Illinois[,] to Ocwen Loan Servicing, JP Morgan Chase and Sheffeild Towne Association in full satisfaction of their claims. Pursuant to 11 U.S.C 1311(b)(9), legal title to the aforementioned property shall vest in
> Ocwen Loan Servicing upon confirmation of the Debtor's Chapter 13 Plan.

(Compl. Ex. C.) On January 20, 2015, the Modified Plan was confirmed by the Bankruptcy Court, and a discharge order was entered on June 8, 2015. (Compl., ¶¶ 14, 17.) The order included all dischargeable debts, including the mortgage. The order stated:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.

(Compl., Ex. E.) On September 2, 2015, the Plaintiff's bankruptcy case was closed. (Compl., ¶ 21.)

On or around December 7, 2015, Defendant acquired the servicing rights to the mortgage. (*Id.* ¶ 23.) Defendant sent a Notice of Default to the Plaintiff on March 9, 2016, which stated, in relevant part:

> Your loan is in default, due to non-payment of the following amount: Amount Due: $27,843.20; Amount Due By: April 13, 2016.
>
> * * *
>
> If full payment of the default amount is not received by us on or before April 13, 2016, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

(Compl., Ex. F.) The letter contained a disclosure that stated, in relevant part:

> If you are in bankruptcy or received a bankruptcy discharge of this debt, this letter is not an attempt to collect the debt. This notice is being furnished for your information and to comply with applicable laws and regulations . . . .

(*Id.*) On March 16, 2016, Defendant sent a statement to Plaintiff, which indicated: "As of March 16, 2016, you are delinquent on your mortgage by 836 days. Failure to bring your loan up-to-date may result in fees, foreclosure, and loss of your income." (Compl., Ex. G). The statement also included a payment coupon. (*Id.*)

2

Plaintiff filed her Complaint on March 31, 2016.

**LEGAL STANDARD**

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

**ANALYSIS**

*Count I – FDCPA*

In Count I, Plaintiff alleges that Defendant violated §§1692e(2), e(10), f, f(1), and (g) of the FDCPA by sending collection letters after the bankruptcy discharge. To state a claim under the FDCPA, Plaintiff must allege that: (1) Defendant qualifies as a debt collector as defined in § 1692a(6); (2) Defendant's actions were related to collection of any debt; and (3) the actions violated one of the FDCPA's substantive provisions. *See Gburek v. Litton Loan*

3

*Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010).  Defendant does not deny its status as a debt collector under the FDCPA.  Rather, Defendant argues that Plaintiff did not satisfy her mortgage through bankruptcy, that the Notice of Default was not an attempt to collect a debt, and that the periodic statement was required by federal law.

## Mortgage

Defendant first argues that its right to collect on the *lien* against the subject property was not extinguished through the Plaintiff's bankruptcy proceedings.  A lien passes through bankruptcy unaffected and does not extinguish a creditor's right *against the property*. *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).  However, the Complaint alleges that Defendant attempted to collect from Plaintiff herself; and the Defendant has rights only against the property, *in rem*, and not against the Plaintiff, *in personam*. *Id.* at 79.

## Debt Collection

Plaintiff alleges that the letter and the Account Statement violate the FDCPA.  Defendant argues that the communications were not an attempt to collect a debt and that they had an explicit disclaimer.  In deciding whether communications count as collection letters under the FDCPA, courts must view them "through the eyes of the unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (internal quotations omitted).  An unsophisticated consumer is "uninformed, naive, [and] trusting" but has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences." *Id.* at 645.  If a statement would not mislead an unsophisticated consumer, it does not violate the FDCPA, even if it is technically false. *Id.* at 645-46.  There is no "bright-line rule for determining whether a communication from a debt collector was made in connection with the collection of any debt." *Gburek*, 614 F.3d at 385.  A court must analyze the nature of the parties'

relationship, the presence or absence of a demand for payment, and the purpose and context of the communications. *Id.* at 385.

The relationship between the parties is based solely on Defendant's ownership of Plaintiff's defaulted debt. The Notice of Default states that the loan is in default, lists an amount owed, and demands that Plaintiff bring the loan up to date. (Compl., Ex. F.) The Notice of Default also states that Defendant will accelerate the maturity of the loan and cause the entire balance to become immediately due and payable. (*Id.*) The March 16, 2016 account statement lists a total amount due and contains a payment coupon. (Compl., Ex. G.) It also lists several outstanding payments and states that Plaintiff is late on her mortgage payments. (*Id.*) Plaintiff has alleged sufficient facts to show that, when combined with the communications, an unsophisticated consumer would understand the letters as sent in connection with the collection of debt.[1]

Required Communications

Defendant also claims the communications sent to Plaintiff were required under the Truth in Lending Act ("TILA") and Illinois state law. TILA requires that:

> A servicer of a transaction subject to this section shall provide the consumer, for each billing cycle, a periodic statement meeting the requirements of paragraphs (b), (c), and (d) of this section. If a mortgage loan has a billing cycle shorter than a period of 31 days (for example, a bi-weekly billing cycle), a periodic statement covering an entire month may be used. For the purposes of this section, servicer includes the creditor, assignee, or servicer, as applicable. A creditor or assignee that does not currently own the mortgage loan or the mortgage servicing rights is not subject to the requirement in this section to provide a periodic statement.

---

[1] Nor does the bankruptcy disclaimer, set out above, negate that understanding. At this stage, it cannot be said that the boilerplate disclaimer, as a matter of law, is sufficient to negate the overall impression that the communications are connected to the collection of a debt. *See Price v. Seterus, Inc.*, 2016 WL 1392331 at *7 (N.D. Ill. April 8, 2016).

5

12 C.F.R. § 1026.41(a)(2). Under this requirement, Defendant had a duty to send a statement such as the March 16, 2016. However, that section does not require a coupon for payment. Defendant also argues that the Notice of Default was required by Illinois in order to begin a foreclosure proceeding. *See* 735 Ill. Comp. Stat. 5/15-1504(c)(9) ("The statements contained in a complaint in the form set forth in subsection (a) of Section 15-1504 are deemed and construed to include allegations as follows: . . . (9) that any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given."). However, the notice is not required to demand payment as the Notice of Default does in this case. An unsophisticated consumer could have believed that the letters were sent to collect on a debt; Plaintiff has presented sufficient facts to support her claim under the FDCPA.

Section 1692(g) requires a debt collector to provide written notice to a consumer within five days after initial communication with a consumer in connection with the collection of any debt. Defendant contends that since none of the communications referenced herein were sent in connection with the collection of a debt, the claim should be dismissed. As discussed above, Plaintiff has adequately pled that the communications sent by Defendant were mailed in connection with the collection of a debt and imposed a duty on Defendant to send a debt validation notice.

Defendant's Motion to Dismiss is denied as to Count I.

*Count II – Bankruptcy Discharge Injunction*

In Count II, Plaintiff alleges that Defendant violated 11 U.S.C. §524(a)(2) by ignoring the bankruptcy court's discharge injunction. Defendant argues that any claims under § 524 must be brought in bankruptcy court. "[T]he creditor who attempts to collect a discharged debt is

6

violating not only a statute but also an injunction and is therefore in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001). While district courts have "original but not exclusive jurisdiction in all civil proceedings arising under title 11, or arising in or related to case under title 11," 28 U.S.C. § 1334(b), district courts "may provide that any [such cases] shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Local Rules provide that all such cases "are referred to bankruptcy judges of this District." N.D. Ill. L.R. 40.3.1(a). A debtor's remedy under § 524 is to ask the bankruptcy court to hold the creditor in contempt. *Cox*, 239 F.3d at 916-17. Additionally, Plaintiff has failed to respond to Defendant's argument, which results in waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("failure to respond to an argument . . . results in waiver"). Defendant's Motion to Dismiss is granted without prejudice as to Count II.

*Count III – ICFA*

In Count III, Plaintiff alleges that Defendant violated the ICFA by unfairly and deceptively inducing Plaintiff to make payments on an uncollectible debt. Defendant argues that Plaintiff does not allege any actual damages and that Plaintiff fails to allege facts supporting any deceptive or unlawful business practices.

The ICFA is a "regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 825-26 (N.D. Ill. 2013) (citing *Robinson v. Toyota Motor Credit Corp.,* 201 Ill.2d 403, 266 (2002). An ICFA deceptive conduct claim requires: (1) a deceptive act or practice by the defendant, (2) that the deception occurred in the course of conduct involving trade or commerce, (3) the defendant's

7

intent that the plaintiff rely on the deception, and (4) actual damage to the plaintiff caused by the deception. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).

Plaintiff has not pled actual damages. "To prove damages, a 'plaintiff must allege that she has been harmed in a concrete, ascertainable way.'" *Jamison v. Summer Infant (USA), Inc.*, 778 F. Supp. 2d 900, 911 (N.D. Ill. 2011) (citing *Frye v. L'Oreal USA, Inc.* 583 F.Supp.2d 954, 957 (N.D. Ill. 2008)). Plaintiff argues that she incurred actual damages in the form of time and costs in bringing this suit.

Time and costs associated with defending a debt-collection lawsuit can be an actual injury under the ICFA. *Armbrister, v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 756 (N.D. Ill. 2012). However, the time and costs associated with bringing an ICFA claim are not an actual injury under the ICFA. *See Garcia v. Receivables Performance Mgmt., LLC*, No. 14 C 5367, 2014 WL 5543885, at *2 (N.D. Ill. Nov. 3, 2014) (dismissing ICFA claim and noting that attorney's fees are separately recoverable under the ICFA). Plaintiff has not alleged an actual injury for the purposes of the ICFA.

Defendant's Motion to Dismiss is granted without prejudice as to Count III.

## **CONCLUSION**

For reasons set forth above, Defendant's Motion to Dismiss [17] is denied as to Count I and granted without prejudice as to Counts II and III.

Date: _____October 17, 2016_____   /s/ _____
　　　　　　　　　　　　　　　　　　　　　　JOHN W. DARRAH
　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge